## DECKER et al. v. UNITED STATES.
### No. 5090.

Circuit Court of Appeals, Seventh Circuit.
June 23, 1934.

Paysoff Tinkoff, of Chicago, Ill., for appellants.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and J. P. Jackson, Sp. Assts. to Atty. Gen. (Dwight H. Green, U. S. Atty., of Chicago, Ill., of counsel), for the United States.

Before ALSCHULER, SPARKS, and FITZHENRY, Circuit Judges.

ALSCHULER, Circuit Judge.

Suit was brought by the partnership of Alfred Decker & Cohn to recover excess war profits taxes (Revenue Act 1917, 40 Stat. 300) alleged to have been wrongfully assessed and collected for the taxable year 1917. The appeal is from a judgment of the District Court denying the recovery.

The facts are not in dispute. During the taxable year in question, and prior thereto, the partnership consisting of Decker, Cohn, and Peine, was engaged in the wholesale manufacture of men's clothing. Decker was the executive head of the business, Cohn the merchandising man, and Peine the designer. Peine had a 12½ per cent. interest in the business, and Decker and Cohn each one-half of the remainder. The business was successful, and the partners were paid substantial salaries. At the beginning of the year, two old and valued employees, Spiesberger and Milton Cohn, asked Decker for increase in their compensation. After negotiation, Decker agreed they should have it, and made a contract with them whereby Cohn should receive 6 per cent. and Spiesberger 2½ per cent. of the net income as their additional compensation, after $100,000 had been set aside out of the profits to cover salaries.

Decker explained that Peine, by reason of his much smaller interest in the net profits, was not to suffer by the arrangement and not be required to bear any part of this increased compensation. At the end of the year the firm's checks for the 6 per cent. and 2½ per cent., respectively, were given to these employees as the amount of their added compensation for that year for their services to the firm. Decker instructed the bookkeeper to charge the individual accounts of himself and his partner Cohn with the amount of the checks, and this was done.

■ Decker, as the executive head of the partnership, had the undoubted power to enter into contracts of employment on behalf of the partnership and to fix the compensation to be paid. That is what he did in this case. It seems evident to us that, whatever form or process may have been resorted to, the transaction was a bona fide undertaking to give these employees a certain interest in the profits by way of additional compensation for their services rendered to the partnership. It does not appear that they rendered service to any one but the partnership.

If out of consideration of Peine's smaller interest, or for any other reason, it was desired that Peine's interest in the profits be not thereby decreased, it is immaterial what mode or form was adopted in effecting the purpose—whether by charging the individual accounts of the two partners with half the amount which had been paid these employees, or otherwise.

■ Whether from a bookkeeping standpoint this was a scientific method for bringing about the desired result is not material. As to Peine, the same result would have been achieved by their personally paying him 12½ per cent. of the amount paid. By charging their individual accounts with the total sum, they relieved Peine from bearing any share of it. In our judgment this does not affect the question of whether or not the profits of the firm should be reduced by the amount which the firm initially paid these employees for services rendered to the firm alone. In carrying out their purpose with respect to Peine, it is no affair of the Government what form was employed to accomplish the desired end.

We believe the District Court erred in denying recovery to appellants, and its judgment is therefore reversed with direction to enter a judgment for appellants in the undisputed amount which is involved.